IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAUREN HARRISON, on behalf of herself and all others similarly situated, | ) ) ) ) | Cause No.1:10-cv-3425 |
| Plaintiff, | ) ) ) | **CLASS ACTION** |
| v. | ) ) ) | |
| PAUL J. MADIGAN, individually and in his official capacity as Village of Palos Hills Police Chief; and VILLAGE OF PALOS HILLS, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Named Plaintiff LAUREN HARRISON, on behalf of herself and a class of others similarly situated, through her attorneys, THE SHILLER PREYAR LAW OFFICES and JOHN P. RUSSELL, complaining of Defendants PAUL J. MADIGAN and VILLAGE OF PALOS HILLS, states as follows:

## INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 and state law challenging the Palos Hills Police Department policy under which every person taken into custody is unknowingly subjected to widespread video monitoring and video recording while he or she uses the toilet.

2. This policy of video surveillance is a blanket policy, applied to all persons in custody, irrespective of the offense for which they were arrested, and regardless of whether there is a warrant, consent, or individualized reasonable suspicion or probable cause.

3. There are no signs of other warnings provided by Defendants to advise class members of the covert monitoring or video recording of the toilet used by the persons in custody and thus no consent for such monitoring or video recording is solicited or given.

4. Plaintiff is unaware of when the policy began, but upon information and belief, the policy began prior to May of 2008.

## JURISDICTION AND VENUE

5. This jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331 and 1343 (a); the Constitution of the United States; and pendant jurisdiction as provided under U.S.C. §1367(a) for attendant claims and parties.

6. Venue is properly laid in this district because Plaintiff and those similarly situated were subjected to the challenged policy in Cook County, Chicago, Illinois.

## THE PARTIES

7. Plaintiff Lauren Harrison is and has been at all relevant times a United States citizen who resides in the Northern District of Illinois.

8. Defendant Police Chief Paul A. Madigan is an employee of the Village of Palos Hill Police Department and acted under his authority as police chief at all relevant times. By law, custom, and/or delegation, he has policymaking authority over the Village of Palos Hills Police Department for the policies at issue in this case. Throughout the class period he has had personal knowledge that the practices challenged in this case were occurring and condoned or was deliberately indifferent to those practices. He is sued in both his official and individual capacity.

9. Defendant Village of Palos Hills is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It is or was the employer of Defendant Police Chief Madigan at the time of the incidents complained of.

## FACTS CONCERNING THE NAMED PLAINTIFF

10. On the evening of December 27, 2009, Plaintiff was stopped on the 10000 block of Roberts Road, Palos Hills, Illinois.

11. She was given field sobriety tests and then arrested and charged with several traffic offenses, the most serious of which was for Driving Under the Influence of Alcohol.

12. At no time did the police have any probable cause or reasonable suspicion to believe that Plaintiff was armed, had any controlled dangerous substances, or had committed any indictable crime.

13. This was the first time Plaintiff had been arrested for any offense.

14. Plaintiff was transported to the Village of Palos Hills police station and was placed in a holding cell for observation.

15. Plaintiff attempted to take a breathalyzer three times, but was unable to complete the test.

16. After being observed for 20 continuous minutes and attempting the breathalyzer, Plaintiff asked to use the bathroom.

17. Plaintiff was then taken by a female officer to a "restroom" located in a different holding cell.

18. Unbeknownst to Plaintiff, a video camera also monitored, recorded, and displayed Plaintiff's actions as she, *inter alia*, lowered her slacks and proceeded to use the toilet.

19. No posted signs warning that the bathroom was subject to video monitoring or video recording were visible to Plaintiff.

20. After using the bathroom, Plaintiff took another breathalyzer test.

21. Sometime after taking this test Plaintiff requested to use the restroom.

22. Plaintiff was also, once again, subjected to covert video monitoring and recording.

23. Plaintiff first learned that she had been subjected to covert video monitoring and video when the DVD was produced in the midst of a Petition to Rescind a DUI Statutory Summary Suspension hearing. At that time, it also became apparent that certain male officers and male prosecutors had viewed the video.

24. From the angle of the video, the camera appears to have been located in or near the ceiling, facing downward toward the toilet area.

25. The video recording plainly and clearly shows Plaintiff sitting on the toilet, then standing up, and pulling up her slacks.

26. No attempt was made to place an electric "black bar" or blur out any portions of the area occupied by the toilet or to cover Plaintiff's use of the toilet.

27. Intimate parts of Plaintiff's anatomy which are normally covered by her clothes are visible at various points on the video.

## CLASS ACTION ALLEGATIONS

28. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this complaint is brought on behalf of Plaintiff Harrison and all Illinois residents that were subject to the Village of Palos Hills *de facto* policy of using video surveillance and recording against all

4

persons in custody who used the restroom, in violation of their rights under the Fourth and Fourteenth Amendment to the United States Constitution. The class period for this action is two years.

29. Plaintiff Harrison meets the prerequisites to bring this action on behalf of the Class because:

  a. Numerosity: Upon information and belief, the class consists of several hundred individuals and is thus so numerous that joinder of all members as individual plaintiffs is impracticable. The exact number of class members is unknown and can only be ascertained via discovery.

  b. Commonality: There are questions of law and fact common to the Class. These issues include:

      i. whether Defendant Village of Palos Hills employs the policy alleged herein;

      ii. whether subjecting a person in police custody to video monitoring and video recording while they use the toilet is a "search" within the meaning of the Fourth Amendment, and if so, whether that search was unreasonable;

      iii. whether that policy violates the Due Process Clause;

      iv. whether that policy violates the Fourth Amendment;

      v. whether the Village of Palos Hills maintains an express policy or custom requiring the procedure, and/or whether the procedure was instituted by Defendant Madigan or other policymaker(s) of Palos Hills, and/or whether the policymakers condoned or were deliberately indifferent to the use of the procedure; and

      vi. whether the challenged blanket search serves any legitimate law enforcement purposes sufficient to justify the intrusion.

    c. Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff was subjected to video surveillance and recording while she used the bathroom at the Village of Palos Hills police station.

    d. Adequacy: Plaintiff Harrison is a member of the class she seeks to represent and her claims are not only typical of all class members, they are identical, arising from the same Palos Hills policy that is applied to all class members. Plaintiff will also fairly and adequately protect the interests of the class, as she has no interests that are antagonistic to, or in conflict with, the interests of the Class as a whole, and has engaged competent counsel.

30. A class action is superior to all other available methods for this controversy because the prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications.

31. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, the common questions will predominate, and there will be no unusual manageability issues.

**COUNT I**
**42 U.S.C. § 1983 Unreasonable Search *Monell* claim**
**Against Defendant Village of Palos Hills**

33. Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

34. The policy whereby the Defendant Village of Palos Hills uses video monitoring and recording of persons using the toilet while in custody at the Village of Palos Hills police department constitutes a "search" for the purposes of the Fourth Amendment.

35. The search was unreasonable under the Fourth Amendment.

36. As part of this policy, all persons in custody of the Village of Palos Hills police department who used the bathroom were subjected to the video monitoring and recording, irrespective of the offense for which they were taken into custody.

37. The Plaintiff and class members who used the bathroom while in custody had a reasonable expectation of privacy to urinate and defecate without having intimate portions of their anatomy exposed to police and/or prosecutors and/or other unknown Village personnel without notice or warning.

38. There are far less invasive and intrusive means by which Defendant can protect its legitimate law enforcement interests than covertly recording all persons in custody while they use the bathroom.

39. The violations of the Federal Constitutional rights of Plaintiff and the class alleged herein were caused by an express and/or de facto municipal policy, custom, or practice of Defendant Village of Palos Hills.

40. As a direct and proximate result of the municipal policy described above, Plaintiff and the class have suffered violations of their rights under the laws and Constitution of the United States, in violation of 42 U.S.C. §1983.

WHEREFORE, Named Plaintiff Harrison respectfully demands judgment on behalf of herself and the class, awarding costs, fees, attorneys' fees, actual damages, and any other appropriate relief against Defendant Village of Palos Hills.

## COUNT II
## 42 U.S.C. §1983 Unreasonable Search
## Claim Against Defendant Madigan

41. Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

42. By the acts alleged herein, Plaintiff and the class have suffered violations of their rights under the Fourth and Fourteenth Amendment of the United States Constitution, by persons acting under color of state law, in violation of 42 U.S.C. §1983.

43. Defendant Madigan is a policy-making official of the Village of Palos Hills who, under color of law, implemented and directed the Village of Palos Hills policy and affirmatively directed its officers to undertake the conduct alleged herein.

44. In so doing, Defendant Madigan knowingly, intentionally, willfully, and/or recklessly caused the constitutional violations alleged herein.

WHEREFORE, Named Plaintiff Harrison respectfully demands judgment on behalf of herself and the class, awarding costs, fees, attorneys' fees, actual damages, punitive damages, and any other appropriate relief against Defendant Police Chief Madigan.

## COUNT III
### Invasion of Privacy—State Law Claim

45. Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

46. Plaintiff had an expectation of privacy that she would not be subjected to video monitoring and recording while using the bathroom.

47. Plaintiff was subjected to video monitoring and recording while using the bathroom.

48. Videotaping an individual while he or she is using the toilet is very intrusive and would be highly offensive to the ordinary reasonable person.

49. Plaintiff did not consent to the video monitoring and recording by the Village of Palos police department.

50. Plaintiff had no knowledge of the video monitoring and recording as it was happening.

51. Plaintiff was given no warning that she would be recorded while using the toilet.

52. The covert monitoring and recording of Plaintiff had the potential for disclosure to members of the public if not actual disclosure.

53. The covert monitoring and recording of Plaintiff while she used the bathroom constituted a substantial intrusion interference with her privacy.

54. Plaintiff was injured by the covert video monitoring and recording of her while she used the toilet.

WHEREFORE, Named Plaintiff Harrison respectfully demands judgment on behalf of herself and the class, awarding costs, fees, attorneys' fees, actual damages,

punitive damages, and any other appropriate relief against Defendant Police Chief Madigan and the Village of Palos Hills.

## COUNT IV

### State Law Claim: Indemnification

55. Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

56. By all of the above, Defendant Madigan and/or other as yet unidentified Village of Palos Hills employees subjected named Plaintiff Harrison and the members of the class to the policy described above.

57. These persons' actions and omissions were taken within the scope of their employment for the Village of Palos Hills.

58. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

59. Defendant Village of Palos Hills is therefore required to indemnify a judgment awarded in this case against Defendant Madigan and/or other as yet unidentified Cook County employees pursuant to.

WHEREFORE, Named Plaintiff Harrison respectfully demands judgment on behalf of themselves and the Class Members, awarding costs, fees, attorneys' fees, actual damages, and any other appropriate relief against Defendant Village of Palos Hills. Defendant Village of Palos Hills is the employer of the Defendant Madigan.

**Global Prayer for Relief**

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendants to pay an appropriate amount of damages for their conduct in Counts I and II;

b. Certify this Action as a class action under Rule 23;

c. Order all Defendants to pay Plaintiff and members of the Class an amount of actual damages to be determined at trial;

d. Issue an injunction ordering the Village of Palos Hills and its policy makers to immediately cease its policy of using video monitoring and recording against all persons using the bathroom while in police custody;

e. Issue an order granting Plaintiff reasonable costs and attorney's fees; and

f. Grant any other relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

s/Barbara C. Long

Barbara C. Long
Shiller*Preyar Law Offices
4554 N. Broadway Ave. Suite 325
Chicago, IL 60640
(773) 907-0940