IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN HARRISON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10-cv-3425 |
| v. | ) ) | Judge Amy St. Eve |
| VILLAGE OF PALOS HILLS, | ) ) ) | |
| Defendant. | ) | |

### AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This matter coming before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class (the "Motion"), and after review and consideration of the Settlement Agreement, and after hearing argument of the parties in open court on August 2, 2012, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following Settlement Class:

> All persons who, between June 4, 2008 and July 30, 2012, were subjected to Defendant's policy of video monitoring and recording all areas of the lockup, including the toilet area inside the cells at the Palos Hills police station

Excluded from the Settlement Class are: (a) all judges or arbitrators who have presided over this case and their spouses; (b) all persons who validly and timely request exclusion from the Class; and (c) all persons who have previously executed and delivered to Palos Hills a release of their claims. The parties expressly agreed to this Settlement Class definition for settlement purposes.

3. The Court finds that certification, for purposes of settlement, is appropriate in that: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff, Lauren Harrison's claims are typical of the claims of the class; (d) Plaintiff and her attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints Lauren Harrison as the representative of the Settlement Class pursuant to Rule 23(a), and appoints Lauren Harrison's attorneys (Richard J. Doherty and James M. Smith of Bock & Hatch, LLC and Brendan Shiller of The Shiller Preyar Law Offices) as Class Counsel pursuant to Rule 23(g).

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as <u>Exhibit C</u>), and the Claim Form (attached to the Settlement Agreement as <u>Exhibit D</u>), comply with Rule 23(e)(1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Settlement Class as

proposed in the Motion and Settlement Agreement.

6. By this Order, the Court hereby orders that the Class Notice shall be sent via United States Mail to each Class Member identified by Defendant during discovery. The Court finds and orders that no other notice is necessary.

7. To effectuate the settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Settlement Agreement, and directs the parties to incorporate the deadlines and dates in the Class Notice and Claim Form:

    a. Notice shall be disbursed to class members by August 27, 2012;

    b. Requests by any Settlement Class member to opt out of the settlement must be submitted on or before September 28, 2012, or be forever barred;

    c. Objections to the Settlement shall be filed in this Court and postmarked and served on Class Counsel and Palos Hills' counsel on or before September 28, 2012, or be forever barred;

    d. The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for October 15, 2012, at 8:30 a.m.

BY ORDER OF THE COURT

_____
Honorable Amy J. St. Eve

Dated:  August 14, 2012