**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAUREN HARRISON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10-cv-3425 |
| v. | ) ) | Judge Amy St. Eve |
| VILLAGE OF PALOS HILLS, | ) ) ) | |
| Defendant. | ) | |

**ORDER OF FINAL APPROVAL AND FINAL JUDGMENT**

THIS MATTER is before the Court upon Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. No. 107]. The Court has carefully reviewed this Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff Lauren Harrison ("Plaintiff") has submitted for final approval a proposed settlement of this class action, which is unopposed by defendant Village of Palos Hills ("Defendant" or "Palos Hills"). Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

By an Order of Preliminary Approval [Dkt. No.106 ] dated August 14, 2012 (the "Order of Preliminary Approval"), the Court preliminarily approved the proposed Settlement by the Parties based on the terms and conditions of the Unopposed Motion for Preliminary Approval of Settlement [Dkt. No. 98] (the "Motion for Preliminary Approval") and the Settlement Agreement attached as Exhibit A to the Motion for Preliminary Approval, subject to further consideration at the Final Settlement and Fairness Hearing conducted on October 15, 2012. In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and temporarily certified Plaintiff as representative of the following

-1-

class:

> All persons who, between June 4, 2008 and July 30, 2012, were subjected to Defendant's policy of video monitoring and recording all areas of the lockup, including the toilet area inside the cells at the Palos Hills police station.

The Court also ordered that the Notice of Proposed Settlement of Class Action, attached as Exhibit C to the Settlement Agreement (the "Notice of Proposed Settlement"), be mailed no later than August 27, 2012.

On October 15, 2012, the Court conducted a Fairness Hearing to determine:

a. Whether the Court should certify the Settlement Class and whether Plaintiff and her counsel have adequately represented the Class;

b. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c. Whether the Lawsuit should be dismissed on the merits and with prejudice as to Palos Hills;

d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Lawsuit against Palos Hills and the Released Parties;

e. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the final settlement hearing to which Palos Hills does not oppose should be approved; and

f. Whether the application for an incentive award to Plaintiff to be submitted in connection with the final settlement hearing to which Palos Hills does not oppose should be approved.

All interested persons were afforded the opportunity to be heard. The Court has duly

considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. No. 107] be approved and the same is hereby **GRANTED** as follows:

1.      On October 15, 2012, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, the Court considered the Parties' Settlement Agreement, the Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiff and the Class and counsel for Palos Hills in support of the fairness, reasonableness, and adequacy of the Settlement.

2.      As recognized in the Order of Preliminary Approval [Dkt. No. 106], the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

3.      The Court hereby affirms its decision certifying that class and approving the Settlement. The Court finds that the requirements for approving a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been met.

4.      In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due

and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5.      The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. The Court has considered the submissions of the Parties, and the confirmatory discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in Plaintiff and the Settlement Class ultimately prevailing on their claims.  Given the considerable open issues, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

The Settlement requires the Village of Palos Hills to change their policy of video monitoring and recording of all persons taken into custody to incorporate a pixilated camera view of the area of the cells that includes the toilet.

The Settlement requires that a claims procedure be established pursuant to which all Class Members who timely file a valid Proof of Claim by the Claims Submission Deadline shall be entitled to receive a *pro rata* share of the Settlement Fund from Palos Hills, not to exceed $300.

6.      If the case were to proceed without Settlement, the possible resulting trial would be complex, lengthy, and very expensive.  The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Absent a Settlement, because of the resulting motion practice, trial, and appeals, it could be years before Class Members would see any benefit whatsoever, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. The Court is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members.

7.     The Court finds that there were No objections filed to the Settlement.

8.     In addition to finding the terms of the proposed Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's-length.  Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.  Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

9.     This Order shall be binding on all Settlement Class Members. All Settlement Class Members hereby release and discharge Palos Hills and the Released Parties (as defined in the Settlement Agreement) from all "Released Claims," where "Released Parties" is defined herein and in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval [Dkt. No. 106].

10.    All Settlement Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against Palos Hills and the Released Parties in any court or forum whatsoever, and the Lawsuit is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

11.    The Court finds that the law firms preliminarily approved as Class Counsel in its prior Order of Preliminary Approval [Dkt. No. 106], are competent and experienced attorneys and have adequately and aggressively represented the interests of this Class. The Court therefore certifies and appoints the law firms of Bock & Hatch, LLC and The Shiller Preyar Law Offices to serve as Class Counsel on behalf of the Class.

12.    The Court hereby certifies Plaintiff Harrison as Class Representative of the Class defined herein. The terms of the Settlement provide that Palos Hills will pay an incentive award

to Plaintiff, and the Court hereby awards the named Class Representative an incentive award of $5,000.

13.     The Court hereby awards Plaintiffs' counsel $80,000.00 in attorneys' fees and expenses.

14.     The parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement. Except as provided in this paragraph, this case is dismissed with prejudice.

    **DONE AND ORDERED** in the Northern District of Illinois on October 15, 2012.

_____
UNITED STATES DISTRICT JUDGE

Honorable Amy J. St. Eve